UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re: | ) | Case No. 3:04-bk-12031-JAF |
| GARY H. CARVER, JR. and DONNA L. CARVER, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| GORDON P. JONES, AS CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. |
| JAMES MCKENNA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>COMPLAINT</u>

Plaintiff, Gordon P. Jones, as Chapter 7 Trustee, files this complaint against defendant, James McKenna, and says:

### <u>Count One</u>

1. This is an action to determine the extent, validity and priority of a lien pursuant to Bankruptcy Rule 7001.

2. This is a core proceeding for which this Court has jurisdiction.

3. Debtors filed their Chapter 7 bankruptcy petition on November 30, 2004.

4.	On the petition date, debtors owned a 2004 Suzuki, Vehicle Identification No. JS3TY92V344101858.

5.	On their Schedule D, debtors listed a lien in favor of defendant on the vehicle.

6.	Defendant is debtor, Mr. Carver's, step-father.

7.	Debtor states that defendant has possession of the certificate of title.

8.	Defendant is not shown on the certificate of title as a lienholder on the vehicle.

9.	Debtor did not execute and deliver to defendant a security agreement by which debtor granted defendant a lien on the vehicle.

WHEREFORE, plaintiff respectfully requests the Court to enter a judgment in favor of plaintiff and against defendant determining that defendant does not have a lien on the vehicle, requiring defendant to turnover, if he has it, the certificate of title to the vehicle to plaintiff, granting court costs and such other relief as is just and proper.

### Court Two

10.	This is an action to avoid the transfer of the lien pursuant to 11 U.S.C. §544 for turnover of property.

11.	This is a core proceeding for which this Court has jurisdiction.

12.	Plaintiff realleges and incorporates herein the allegations of paragraphs 3 through 9 of this complaint.

13.	Defendant's alleged lien on the vehicle was unperfected as of the petition date and, therefore, avoidable.

WHEREFORE, plaintiff respectfully requests the Court to enter a judgment in favor of plaintiff and against defendant avoiding defendant's alleged lien on the vehicle and requiring the defendant to turnover the certificate of title to the vehicle, granting court costs and such other relief as is just and proper.

SMITH HULSEY & BUSEY

By _____
Raymond R. Magley

Florida Bar Number 0511056
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorney for Plaintiff

00491379